UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HOWARD LEE HALL,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE OF INDIANA,<br><br>Defendant. | CAUSE NO. 1:26-CV-477-JTM-AZ |

OPINION AND ORDER

Howard Lee Hall, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hall alleges that during his August 29, 2025, sentencing hearing in the Allen County Superior Court, in Case No. 02D05-2503-F5-000094,[1] two prosecutors knowingly, and falsely, told the judge that Hall was on probation in order to increase

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). The court takes judicial notice of the electronic docket for the Indiana courts, available at https://public.courts.in.gov/mycase/.

his sentence. (DE # 1 at 2.) He claims that these statements increased the sentence ultimately imposed. *Id.* at 3-4.

Hall has named only the State of Indiana as a defendant. States are not "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). So, this complaint does not state a claim.

The court notes that this is not the first time Hall has made this exact claim against a similar party. *See Hall v. Allen Co. Prosecutor's Off.*, No. 1:26-cv-391-PPS-APR (N.D. Ind. Filed Aug. 17, 2026). The court dismissed his case on the basis that the prosecutors were immune from suit. (*Id.* at DE # 4.)

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because it is legally frivolous to sue a defendant who is immune from suit.

**SO ORDERED.**

Date: September 28, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT